UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES SCHWAB & CO., INC., 101
Mongomery Street, San Francisco, CA
94104,

                    Plaintiff,

vs.                          Case No.  2:08-cv-534-FtM-29SPC

LANCE MCMURRY, 1952 Isla De Palma
Circle, Naples, LF 34119,

                    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction (Doc. #10) filed on July 10, 2008. Plaintiff also filed a Supplemental Memorandum of Law (Doc. #41). Defendant filed a Response (Doc. #42) on December 15, 2008.  The Court heard oral argument on December 18, 2008.

**I.**

Defendant Lance McMurry ("McMurry" or defendant) is a former financial consultant and employee of plaintiff Charles Schwab & Co., Inc. ("Schwab" or plaintiff) who resigned on June 11, 2008. McMurry immediately joined the competing firm Bank of America Investment Services, Inc. ("BOA").  Schwab asserts that McMurry has and continues to initiate contact and solicit Schwab customers to terminate their relationships with Schwab and transfer their assets to BOA, and has removed confidential and proprietary customer data and information belonging to Schwab.  Schwab has filed a six-count

First Amended Complaint (Doc. #38) seeking injunctive relief (Count I) and alleging claims of Breach of Contract (Count II), Misappropriation and Misuse of Confidential Information (Count III), Breach of Duty of Loyalty (Count IV), Conversion (Count V) and Unfair Competition (Count VI).

**II.**

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Winter v. Natural Defense Council, 129 S. Ct. 365, 374, ___ U.S. ___ (2008); Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result.  <u>Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.</u>, 157 F.3d 843, 844 (11th Cir. 1998).  Here, the law of Florida is applicable.

### A.    Substantial Likelihood of Success on the Merits

It is well-established under Florida law that an employee owes a fiduciary duty and a duty of loyalty to his or her employer. <u>Life Marketing of Florida, Inc. v. A.I.G. Life Ins. Co.</u>, 588 So. 2d 663, 665 (Fla. 5th DCA 1991) (citing <u>Connelly v. Special Road & Bridge Dist.</u>, 126 So. 794 (Fla. 1930)).  Absent an agreement to the contrary, however, an employee may compete with his or her former employer after the termination of their relationship as long as the employee does not use confidential information acquired during the course of his or her employment or solicit customers and other employees prior to the end of the employment.  <u>New World Fashions, Inc. v. Lieberman</u>, 429 So. 2d 1276, 1277 (Fla. 1st DCA 1983).  A former employer cannot, however, "preclude an employee from utilizing expertise that he gained during his former employment." <u>Liberty Am. Ins. Group, Inc. v. Westpoint Underwriters, L.L.C.</u>, 199 F. Supp. 2d 1271, 1288 (M.D. Fla. 2002).

In this case, McMurry executed a Confidentiality, Non-solicitation and Assignment Agreement ("Contract") in 2004, 2006, 2007 and again in 2008.  (Doc. #38-2, pp. 1, 9, 18, 27.)  The 2008

Contract was the one in effect at the time of McMurry's resignation.

Defendant first asserts that Schwab cannot prevail on the merits because it cannot enforce a contract it has already breached. (Doc. #42, p. 2.) Specifically, McMurry argues that Schwab failed to pay him in a timely fashion, thereby voiding his obligation to abide by the restrictive covenants in his contract. The Court disagrees. Defendant cites Northern Trust Inv. v. Domino, 896 So. 2d 329 (Fla. 4th DCA 2005), Benemerito & Flores v. Roche, 751 So. 2d 91 (Fla. 4th DCA 1999) and Bradley v. Health Coal., 687 So. 2d 329 (Fla. 3d DCA 1997) as setting forth "an elementary principal of contracts", i.e., that if an employer refuses or fails to pay its employee, then the employee is relieved from his obligation under the employment agreement. (Doc. #42, p. 2.) Defendant's reliance on these three cases is misplaced. In all three of those cases the employer refused or failed to pay the employee. However, in this case, defendant is not asserting that Schwab is refusing to pay him, but rather that it delayed in paying him. It is of note that in the event of errors in payments, Schwab's policies provide for a payment period ranging from three to twelve months depending on the circumstances. (Doc. #42, pp.27-28.) Counsel for the plaintiff indicated at oral argument that McMurry was aware of these policies governing errors in payments. Therefore, the Court finds that Schwab is likely to succeed as to

the enforceability of the restrictive covenant provisions of the contracts since there was no breach on the part of Schwab.

The Court must now address what restrictive covenants were in force at the time of McMurry's resignation.  Schwab asserts that the 2008 Contract, as supplemented by the previous three contracts, prohibits McMurry from initiating contact or soliciting any Schwab clients he serviced during his employment.  (Doc. #10, p. 14-15.) McMurry counters that the 2008 Contract does not prohibit him from sending announcements to his former clients indicating that he has joined BOA.  McMurry bases his defense on the evolution of the non-compete provision in the 2004, 2006, 2007, and 2008 contracts. Specifically, he asserts that "[c]onsidering the history of the Contract, it was entirely reasonable . . . to conclude that announcements were not prohibited."  (Doc. #42, p. 9.)

The relevant provision of the 2008 Contract states the following:

> Agreement Not to Solicit.  While I work for Schwab and for 18 months after my employment ends, I will not directly or indirectly solicit or induce: (a) any existing or prospective Schwab clients I serviced or about whom I gained Confidential Information . . . in an attempt to divert, transfer, or otherwise take away business or prospective business from Schwab;

(Doc. #38-2, p. 28, ¶3.)  The 2008 Contract is silent as to whether a previous employee may initiate contact with his/her former Schwab clients.  Conversely, the 2006 Contract specifically prohibited the initiation of contact with "Specified Accounts."  (Doc. #38-2, p. 14.)  The prohibition on initiating contact with "Specified

-5-

Accounts" is absent from the other three contracts.  Upon review of the four contracts, the Court finds that only the 2008 Contract is applicable to McMurry.  Thus the Court will limit its analysis to the 2008 Contract's restrictive covenants.

McMurry asserts that sending out "announcements" does not violate the 2008 Contract.  (Doc. #42, p. 9.)  McMurry, however, did more than merely send out an "announcement," he followed up each announcement with a telephone call.  (Doc. #41-2, pp. 16, 20.) Defendant would then follow up with a second telephone call if he was forced to leave a message the first time he called.  (Doc. #41-2, p. 17.)  The Court finds such targeted contact aimed at current Schwab clients violates the non-solicitation provision of the 2008 Contract.[1]  Thus the Court finds that Schwab is substantially likely to succeed on the merits.

## B.   Irreparable Injury

"A showing of irreparable injury is the *sine qua non* of injunctive relief." Siegel, 234 F.3d at 1176 (quoting Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal quotations omitted)).  The asserted irreparable injury "must be neither remote

---

[1]The Court also notes that the mere sending of announcements may constitute solicitation.  See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McClafferty, 287 F. Supp 2d 1244, 1248 (D.HI. 2003)(noting that announcements directed at a client list, and sent as a matter of professional courtesy, can violate non-compete provisions); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Schultz, No. 01-0402, 2001 WL 1681973, *3 (D.D.C. Feb. 26, 2001)(collecting cases).

nor speculative, but actual and imminent." Siegel, 234 F.3d at 1176 (quoting City of Jacksonville, 896 F.2d at 1285 (internal quotations omitted)). Further, because injunctions regulate future conduct, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (emphasis in original)).

McMurry asserts that Schwab is not entitled to injunctive relief because the 2008 Contract provides for a methodology to calculate damages. McMurry also argues that granting plaintiff an injunction, when it is already seeking damages for the same act, would in effect be providing Schwab with more than it is entitled to under the 2008 Contract. (Doc. #42, pp. 13-14.)

As a preliminary matter, the Court finds that Schwab's request for injunctive relief is proper, and that Schwab's pursuit of damages does not preclude it from seeking an injunction. The damage calculation will be based on McMurry's past conduct, whereas the injunction will preclude McMurry from further damaging Schwab. Furthermore, the Court notes that Paragraph 10 and 11 of the 2008 Contract specifically allows Schwab to seek both liquidated damages as well as injunctive relief. (Doc. #38-2, pp. 30-31.)

While the Court agrees with McMurry that much of the harm can be compensated by damages, the Court is not convinced that it would

be possible to reasonably calculate and compensate all of the
injury.  Schwab's clients whom were previously serviced by McMurry
remain subject to the non-solicitation requirement of defendant's
2008 Contract.  Thus the Court finds that Schwab will suffer
irreparable injury if defendant is not prevented from further
solicitation of his past Schwab clients.

### C.   Balance of Injuries

Schwab must also establish that the threatened injury to it
outweighs the harm a preliminary injunction may cause to the
defendant.  <u>Siegel</u>, 234 F.3d at 1176.  The Court notes that
defendant's Response does not address this element.  The Court
concludes that Schwab has satisfied that burden.  Defendant's
contract precludes solicitation of the remainder of his former
clients but does not preclude defendant from continuing to work in
the brokerage area.  Furthermore, the Court notes that McMurry was
provided all of his clients at Schwab and did not have to seek them
out and recruit them to join Schwab.

### D.   Public Interest

Schwab asserts that an injunction would serve the public
interest by enforcing three Florida Statutes, as well as valid
contractual provisions.  (Doc. #10, p. 23.)  McMurry's Response
does not address this factor.  The Court agrees with Schwab.  The
public interest is served by insuring that valid contractual
provisions are enforced.  Furthermore, nothing prevents Schwab

customers from initiating contacting with McMurry, thus the
public's choice of brokers is not impacted by the entry of an
injunction.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction (Doc. #10) is
**GRANTED.** A preliminary injunction will be entered separately.

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of
December, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record